# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MOFADAL MOFADAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV00069 ERW |
| | ) | |
| MICHAEL MUKASEY, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, an alien, seeks habeas review of an order of deportation. Although petitioner acknowledges that Congress divested this Court of habeas jurisdiction of removal orders when it enacted the REAL ID Act of 2005, 8 U.S.C. § 1252, he argues that this divestiture violates the Suspension Clause as applied to his case. The Court has considered petitioner's arguments and finds them contrary to controlling case law. Therefore, the petition will be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(h)(3).

### **Background**

For the purposes of this Order, the Court considers as true all of the facts as alleged in the petition.

Petitioner is native and citizen of Yemen. He has resided continuously in the United States since he arrived in October 1999. Petitioner filed a claim for political asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The Immigration Judge (IJ), denied asylum, withholding of removal and relief under CAT. However, the IJ granted petitioner voluntary dismissal under 8 U.S.C. § 1229c.

Petitioner, through attorney Nathan Cooper,[1] timely filed an appeal with the Board of Immigration Appeals (BIA). Mr. Cooper, however, did not file an appellate brief, and the appeal was summarily dismissed on February 4, 2005, as a result. The BIA's order gave petitioner 30 days in which to voluntarily depart from the United States. Additionally, the BIA's decision stated the following:

> NOTICE: If the alien fails to depart the United States within the time period specified, or any extensions granted by the DHS, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act.

Petitioner did not receive notice of the BIA's decision because Mr. Cooper did not forward it to him. Petitioner sent a letter to the BIA on April 15, 2005, requesting

---

[1] On August 9, 2007, Mr. Cooper pled guilty to fraud and misuse of visas and permits in violation of 18 U.S.C. § 1546. United States v. Cooper, 4:07CR462 JCH (E.D. Mo. 2007). The petition does not allege that Cooper's criminal activities had any bearing on petitioner's immigration proceedings.

information relating to the status of his case and asserting that his lawyer abandoned him. The BIA mailed petitioner a copy of its decision on June 10, 2005, which he received.

Between the time the BIA rendered its decision and the time petitioner received notice of the decision, the REAL ID Act was passed. See Pub. L. 109-13, 119 Stat. 231 (May 11, 2005); Mohamed v. Gonzales, 477 F.3d 522, 525 (8th Cir. 2007). The REAL ID Act changed the legal landscape for aliens seeking to challenge orders of removal.

Petitioner is currently in the custody of the United States Immigration and Customs Enforcement pending removal from the United States. Petitioner seeks an order vacating the order of removal and granting him asylum, withholding of removal, or relief under CAT.

### The REAL ID Act

The REAL ID Act denies habeas relief to an alien challenging a removal order. 8 U.S.C. § 1252(a)(5); Mohamed, 477 F.3d at 525. An alien seeking judicial review of a removal order must file a petition for review "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Any such petition must be filed within 30 days of the date of the removal order. 8 U.S.C. § 1252(b)(1).

In addition to seeking judicial review, an alien may move the BIA to reopen his case. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2. A motion to reopen must be filed within 90 days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(I).

An alien seeking to reopen his case based on a claim of ineffective assistance of counsel may do so pursuant to Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). Some courts of appeals have held that the filing deadlines for filing motions to reopen are subject to equitable tolling in cases where the alien was deprived of effective counsel. Rodriguez-Lariz v. I.N.S., 282 F.3d 1218, 1224 (9th Cir. 2002); Iavorski v. U.S. I.N.S., 232 F.3d 124, 129 (2nd Cir. 2000). Aliens seeking to file a tardy motion to reopen based on ineffective assistance of counsel must exercise due diligence in "discovering the deception, fraud, or error" giving rise to the ineffective assistance of counsel. Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir. 2003).[2]

**Discussion**

Petitioner argues that because he did not receive notice of the BIA's decision until after the time for taking an appeal had passed, he should be permitted to seek federal habeas relief to challenge the removal order. Petitioner further argues that because the decision of the BIA predates enactment of the REAL ID Act, applying its

---

[2]The United States Court of Appeals for the Eighth Circuit has not decided the issue of whether equitable tolling is available for an alien claiming ineffective assistance of counsel. Habchy v. Gonzales, 471 F.3d 858, 864 (8th Cir. 2006).

limitations on venue and jurisdiction to his case would violate the Suspension Clause and his Fifth Amendment right to Due Process because he has no other available form of relief.[3]

The United States Court of Appeals for the Eighth Circuit recently addressed the constitutionality of the REAL ID Act in a similar case. In <u>Mohamed v. Gonzales</u>, the petitioner argued that the REAL ID Act violates the Suspension Clause because it does not allow a petitioner to expand the record in the court of appeals. 477 F.3d at 525-26. The Eighth Circuit rejected the petitioner's argument because he could have attempted to expand the record before the BIA by filing a motion to reopen under 8 U.S.C. § 1229a(c)(7) but failed to do so. <u>Id.</u> at 526. The Eighth Circuit held that the petitioner's failure to use the review processes available under the REAL ID Act did not render those processes inadequate or ineffective as a matter of law. <u>Id.</u> As a result, the Eighth Circuit found the REAL ID Act to be an adequate substitution for traditional habeas relief. <u>Id.</u>

The facts of this case are sufficiently analogous to those in <u>Mohamed</u> such that <u>Mohamed</u> controls this case. Petitioner claims that he was made aware of the BIA's decision in June 2005. At that time, petitioner could have filed a motion to reopen

---

[3] However, petitioner states that he will file a motion pursuant to <u>Matter of Lozada</u> with the BIA this week.

pursuant to Matter of Lozada in which he could have requested equitable tolling. Yet he failed to do so for more than two years. And during those two years petitioner was aware that he was subject to an order of removal, in which he was ordered to depart the United States no later than March 6, 2005. Petitioner's unexplained failure to seek relief under Matter of Lozada or the REAL ID Act does not render the REAL ID Act ineffective or inadequate as a matter of law. Mohamed, 477 F.3d 526. As a result, the Suspension Clause is not implicated. Id.

For these reasons, petitioner may not seek habeas relief in this Court, 8 U.S.C. § 1252(a)(5), (b)(2), and the petition must be dismissed for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 18th Day of January, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE